Law Offices of

# Jonathan E. Neuman, Esq.

176–25 Union Turnpike, Suite 230
Fresh Meadows, New York 11366
(347) 450-6710
FAX (718) 228-3689

***Jonathan E. Neuman, Esq.***
***Attorney & Counselor at Law***

***Leslie Martin, Esq.***
***Of Counsel***

September 26, 2025

Hon. Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Allstate Insurance Company v. Cypress Rx Inc. *et al*
Civ. A. No. 1:25-cv-04521-CBA-JAM

Honorable Chief Judge Amon:

This firm represents Defendants KD Wholesale Inc., MBJ Wholesale Inc., YBJ Wholesale Inc., Shlomo Mashiyev, Brian Mirzakandov, and Benjamin Yakubov (collectively "Defendants") in the above-captioned action. In accordance with the Court's Individual Practices, Defendants respectfully submit this pre-motion conference letter, as Defendants respectfully request permission to file a Rule 12(b)(6) motion to dismiss.

The Complaint seeks to hold 30 defendants liable under civil RICO and various related common law causes of action. However, the 30 defendants can be split up into two groups. The first group of defendants (who are not represented by the undersigned) are the pharmacy defendants who are the ones who are alleged to have perpetrated the alleged no fault scheme upon the Plaintiffs (hereinafter "Pharmacy Defendants"). The remaining six defendants, who are the Defendants listed above, however, are not alleged to have played any role in the alleged no fault scheme, or to have had any contact whatsoever with the Plaintiffs. Instead, the allegation against Defendants, which constitutes a mere handful of paragraphs amongst Plaintiffs' 200+ page complaint, is that after the Pharmacy Defendants had completed their fraudulent scheme against Plaintiffs, the Pharmacy Defendants then used Defendants to allegedly launder money. The entirety of Plaintiffs' allegations for this contention is a handful of conclusory statements to the effect that the Pharmacy Defendants bought gold and silver from Defendants, and that maybe Defendants did actually buy gold and silver or maybe they didn't, but that even if they did, the Defendants had no legitimate reason for doing so.

These conclusory statements fall far short of Plaintiffs' obligations under the pleading requirements of *Twombly* and *Iqbal* as they don't plausibly allege money laundering (the basis upon which Plaintiffs rely to hold Defendants liable) in any non-conclusory fashion, or any connection between Defendants and the allege scheme or harm to Plaintiffs. They also don't sufficiently plead

money laundering. *See, e.g.*, *Entretelas Americanas S.A. v. Soler*, 2020 U.S. Dist. LEXIS 20692, at *22 (S.D.N.Y. Feb. 3, 2020)

More importantly, Plaintiffs allegations fail to constitute a RICO violation against Defendants, and therefore the claims against Defendants must be dismissed. The case of *Rosner v. Bank of China*, 528 F. Supp. 2d 419 (S.D.N.Y. 2007) is instructive. In *Rosner* Plaintiff was the appointed receiver for certain entities and persons. The entities and person were found to have perpetrated a massive fraud on investors. Plaintiff sued the defendant Bank of China (BOC), alleging that the BOC participated in a fraudulent enterprise by providing the banking services necessary to launder the money and allow the removal of stolen funds from the United States. The BOC moved to dismiss. The Court granted the motion, holding that as the plaintiff provided no factual basis for the claim that BOC had actual knowledge of the fraud, the aiding and abetting claim had to be dismissed for failure to plead fraud with particularity. Likewise, the plaintiff failed to state a claim under RICO, because the plaintiff alleged only that BOC provided services that aided in the perpetration of the fraudulent scheme. The Court held that regardless of how indispensable or essential such services may have been, rendering these services by itself did not qualify as participation in a RICO enterprise.

Specifically, with respect to the RICO claim, the Court held that the allegations against the BOC failed to allege a RICO claim for numerous reasons. The Court set out the standard for a RICO claim. "In order state a private claim for damages under RICO, a plaintiff must plead (1) the defendant's violation of § 1962 and (2) an injury to the plaintiff's business or property caused by the defendant's RICO violation. To satisfy the first burden, a plaintiff must establish that the defendant has violated the substantive RICO statute, that is, the criminal provisions of the statute. In doing so, the plaintiff must allege the existence of seven requisite elements identified by the Second Circuit in *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5 (2d Cir. 1983). Those factors are: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce…." To satisfy the second burden, a plaintiff must demonstrate **a resulting injury to plaintiff's business or property by reason of a violation of § 1962**. See id." (emphasis added) (internal citations omitted). On the basis of this standard, the Court held that the complaint had to be dismissed for numerous reasons.

First, the conclusory allegations did not establish that BOC was part of an enterprise merely by providing banking services. The complaint did not allege how BOC improperly functioned as a unit with the other defendants, or the organization or the hierarchy of the alleged enterprise. Second, the plaintiff insufficiently alleged the scienter element of fraud, money laundering, or transportation of stolen goods, because there were no non-conclusory allegations that the BOC knew that the funds involved in the transaction were proceeds of some unlawful activity, and that the defendant knew of the transaction's obfuscatory purpose Third, even had the plaintiff established a pattern of racketeering activity, there was no requisite injury, because the injury alleged was already completed before the money reached the BOC, thus, there was no injury resulting from the defendant's investment of racketeering income in an enterprise separate and apart from any injury caused by the predicate acts themselves. Fourth, an alleged RICO defendant must have had "some part in directing" the "operation or management" of the enterprise itself to be liable. Because the plaintiff's sole allegation was that BOC provided banking services that aided in the perpetration of the fraudulent scheme, that did not qualify as participation in a RICO enterprise, even if the BOC had knowledge of the fraud.

The court granted leave to amend, and then dismissed the amended complaint as well, which was upheld on appeal in *Rosner v. Bank of China*, 349 F. App'x 637 (2d Cir. 2009).

Similarly, in *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994), the Second Circuit held that a RICO claim had to be dismissed because the complaint did not allege proximate cause. "RICO provides a civil remedy only to those persons injured 'by reason of' the defendant's predicate acts. To show that an injury resulted 'by reason of' the defendant's action, and therefore to have standing under RICO, the plaintiff must allege 'that the defendant's violations were a proximate cause of the plaintiff's injury, i.e., that there was a direct relationship between the plaintiff's injury and the defendant's injurious conduct.' This requires a showing not only that the defendant's alleged RICO violation was the 'but-for' or cause-in-fact of his injury, but also that the violation was the legal or proximate cause. In the context of predicate acts grounded in fraud, the proximate cause requirement means that the plaintiff must prove both transaction and loss causation. Thus, in addition to showing that but for the defendant's misrepresentations the transaction would not have come about, the defendant must also show that the misstatements were the reason the transaction turned out to be a losing one. **Furthermore, when factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions.**" (emphasis added) (internal citations omitted).

Similarly, in *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 122-23 (2d Cir. 2003), a RICO claim was properly dismissed because "the connection between the RICO violation and the injury alleged [wa]s too attenuated to satisfy the proximate cause requirement." *See also Tymoshenko v. Firtash*, 57 F. Supp. 3d 311, 324 (S.D.N.Y. 2014) (dismissing RICO claim because plaintiff could not establish that money laundering proximately caused plaintiff's injuries); *Leung v. Law*, 387 F. Supp. 2d 105, 121 (E.D.N.Y. 2005) (allegations of money laundering not sufficient to create RICO standing because "an act which proximately caused an injury is analytically distinct from one which furthered, facilitated, permitted or concealed an injury which happened or could have happened independently of the act.")

Here for all of these same reasons, it is clear that Plaintiffs cannot possibly satisfy a RICO claim against Defendants. Even assuming Plaintiffs' conclusory allegations to be true, there is no plausible connection between Defendants' alleged activity and Plaintiffs' injury. Whatever injury was allegedly caused to Plaintiffs was caused by the Pharmacy Defendants. That injury was completed before the money ever allegedly went to Defendants. That Defendants allegedly laundered the money (which is denied), did not cause any additional, distinct, or direct injury to Plaintiffs, and was not necessary for the alleged scheme or enterprise activity of which Plaintiffs complain. Plaintiffs never had a single communication with Defendants, nor did Plaintiffs ever pay Defendants a single penny. That the Pharmacy Defendants allegedly did not want to pay taxes has absolutely nothing to do with the scheme allegedly perpetrated against Plaintiffs. The alleged money laundering is a complete *non sequitur* from the alleged scheme against Plaintiffs. Nor is there any allegation that Defendants in any way controlled or participated in the management of the alleged enterprise. This is rather a classic case of RICO overreach — a plaintiff trying to rope in "deep pockets" or peripheral actors after the scheme, which the Second Circuit has consistently rejected. As such, it is clear that Plaintiffs' claims against Defendants must be dismissed.

Respectfully submitted,

Jonathan E. Neuman, Esq.