KING, TILDEN, MCETTRICK & BRINK, P.C.
Attorneys at Law

**Michael W. Whitcher**
Shareholder
Admitted in Massachusetts, Michigan, and New York
mwhitcher@ktmpc.com

350 Granite Street, Suite 2204, Braintree, MA 02184
**TEL** 617.770.2214 **FAX** 617.774.1714

October 3, 2025

**VIA E-FILING ONLY**
The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Allstate Ins. Co et al v. Cypress Rx Inc., et al.*, No. 1:25-cv-04521-CBA-JAM (E.D.N.Y.)

Dear Judge Amon:

Plaintiffs Allstate Insurance Company and its affiliates ("Allstate") respectfully submit this opposition to Defendants KD Wholesale Inc., MBJ Wholesale Inc., YBJ Wholesale Inc., Shlomo Mashiyev, Brian Mirzakandov, and Benjamin Yakubov's (collectively, the "Moving Defendants") request for a pre-motion conference concerning an anticipated motion to dismiss. For the reasons explained below, the Moving Defendants' request should be denied.

## I. RELEVANT FACTUAL BACKGROUND

Allstate filed this action on August 13, 2025 alleging that the Defendants devised and executed a scheme to defraud through a number of pharmacies and shell companies. *See* ECF No. 1. The Pharmacy Defendants[1] were designed to look like independent neighborhood pharmacies, but they were actually part of a network that submitted bogus No-Fault insurance claims for unnecessary drugs, which were prescribed because of predetermined protocols and unlawful referral arrangements involving the prescribers and the pharmacies. As detailed in the Complaint, the drugs were not medically necessary; instead, they were specifically targeted for use in this scheme due to the drastic difference between the drugs' actual acquisition costs (low) and the billing rates under the No-Fault fee schedule (high), which enabled the Pharmacy Defendants to generate substantial profits on No-Fault claims. The scheme's success depended on the Defendants' ability to generate prescriptions for the Pharmacy Defendants' No-Fault claims. To that end, the Defendants secured prescriptions through illegal referral arrangements with providers and clinics that specifically catered to No-Fault patients. The Complaint details how prescriptions were generated because of fraudulent treatment protocols that required prescriptions for all claimants regardless of medical need, and describes how the predetermined protocols were implemented by providers working for illegally operated clinics and entities. The Complaint also explains how providers were required to issue prescriptions using illegal pre-printed prescription forms, which were sometimes altered without the provider's authorization. These allegations are supported by evidence from providers whose names and credentials were used without authorization to generate prescriptions for the Pharmacy Defendants.

---

[1] The "Pharmacy Defendants" are Cypress Rx Inc., Briar Drug Store Inc, Better Soon Rx Inc., Story Ave Pharmacy Inc, Galaxy Rx Inc, Esmeralda Pharmacy Inc, 167 Rx Inc, Family Care Pharmacy of LI Inc, S&N NYC Inc, and ASG Rx Corp.

The Defendants' scheme did not stop there; it also involved a complicated money laundering scheme in which the Pharmacy Defendants paid substantial sums of money to KD Wholesale, MBJ Wholesale, and YBJ Wholesale, which are shell companies controlled by Mashiyev, Mirzakandov, and Yakubov, respectively. As alleged, KD Wholesale, MBJ Wholesale, and YBJ Wholesale existed to launder proceeds collected on fraudulent claims. They received substantial payments from the Pharmacy Defendants, which were funded with the proceeds generated by fraudulent claims, but provided nothing in return. The sham transactions were actually intended to generate untraceable cash, which could be hidden or spent on furthering the enterprise through payments for illegal referrals, which generated future claims. Accordingly, the Moving Defendants violated RICO through their participation in the Pharmacy Defendant enterprises, whose affairs were conducted through a pattern of mail fraud and racketeering activity.

## II. NO BASIS FOR DISMISSAL

### A. THE MOVING DEFENDANTS PARTICIPATED IN THE RICO ENTERPRISES

To satisfy RICO's "participation" element, a plaintiff needs to show that the defendants played *some* part in the operation of the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). "The participation requirement is a relatively low hurdle for plaintiffs to clear, especially at the pleading stage." *Allstate Ins. Co. v. Nazarov*, 2015 U.S. Dist. LEXIS 134481, *34 (E.D.N.Y. May 19, 2015). The Complaint describes how the Moving Defendants participated in the scheme by laundering the monies collected on No-Fault claims through transactions intended to generate untraceable cash, which could then be used to fund the unlawful referral arrangements that fueled this scheme. The Complaint also alleges that the Moving Defendants engaged in mail fraud racketeering activity in connection with the Pharmacy Defendants enterprises, claims which are not addressed in the Moving Defendants' letter. Allstate's RICO counts are mainly structured around the Pharmacy Defendants, each of which constitutes an enterprise for RICO purposes. For example, Count 9 alleges RICO violations against Polvanova, Leviyev, KD Wholesale, MBJ Wholesale, YBJ Wholesale, Mashiyev, Mirzakandov, and Yakubov in connection with Galaxy Rx, which is an enterprise engaged in interstate commerce. Allstate alleges that these RICO defendants associated with and participated in the conduct of the Galaxy Rx enterprise through a pattern of racketeering activities, including mail fraud and money laundering. The Complaint provides specific examples of Galaxy Rx's fraudulent No-Fault claims, along with specific examples of money laundering transactions between Galaxy Rx, and KD Wholesale, MBJ Wholesale and YBJ Wholesale. The Complaint further explains how the fraudulent No-Fault claims and money laundering transactions helped fuel the success of the enterprise. Taken together, Allstate's allegations are sufficient to establish the Moving Defendants' participation in the RICO enterprises.

### B. THE MOVING DEFENDANTS ARE NOT PERIPHERAL ACTORS

The Moving Defendants' dismissal arguments rely heavily on *Rosner v. Bank of China*, 528 F. Supp. 2d 419 (S.D.N.Y. 2007), which is a mistake because *Rosner* is distinguishable from this case. First, the RICO claims in *Rosner* involved an association-in-fact enterprise consisting of a bank and 2 other financial institutions, which is different from the enterprises in this case. Although the RICO claims in *Rosner* were dismissed, the underlying reasons do not apply here. In *Rosner*, the plaintiff failed to allege the bank's actual knowledge of the fraud, or provide any facts from which knowledge could be inferred, which prevented the court from determining the existence of an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4). Allstate's case is different. The Complaint contains specific allegations demonstrating the Moving Defendants' participation in a sprawling scheme driven by fraudulent claims

and money laundering, including proof of specific transactions and evidence linking the Pharmacy Defendants to other money laundering schemes. Despite what they claim, the Moving Defendants did more than provide ordinary business services; instead, they repeatedly engaged in transactions that lacked legitimate business purposes, which were also designed to hide the true source and ownership of the funds and to further the overall scheme. Notably, other courts have found that engaging in similar acts of money laundering through shell companies is enough to establish liability under RICO. *See Allstate Ins. Co. v. Geykhman*, 2025 U.S. Dist. LEXIS 173936, *30 (E.D.N.Y. Sep. 7, 2025) (allegations of a "money laundering scheme…which provided the cover for the healthcare fraud conducted through each [enterprise], also satisfies RICO's predicate act element"). Allstate's allegations, when taken as true, are sufficient to defeat the Moving Defendants' claim that they are merely innocent service providers. Indeed, as the Complaint makes clear, the Moving Defendants played important roles in the Pharmacy Defendant RICO enterprises.

### C. ALLSTATE WAS DAMAGED BY REASON OF MOVING DEFENDANTS' MISCONDUCT

The Moving Defendants wrongly argue that Allstate's injuries were "complete" before the alleged money laundering transactions took place. This argument fails because it is based on assumptions and facts outside the pleadings, and also ignores allegations about how the money laundering helped propel the RICO enterprises. Allstate has alleged that the money laundering scheme helped further the scheme, and it is plausible that the transactions were used as a source of money to pay for additional referrals to the Pharmacy Defendants, which referrals generated additional No-Fault claims that were the source of Allstate's injury. The money laundering was therefore central to the scheme because it helped generate additional prescription referrals and bogus No-Fault claims. Accordingly, there is a direct relationship between the Moving Defendants' wrongful conduct and Allstate's injury, especially where their conduct was part of an ongoing enterprise that continued to harm Allstate.

### D. RACKETEERING ACTIVITIES ARE SUFFICIENTLY ALLEGED

Allstate has provided detailed evidence of racketeering activity and the Moving Defendants' participation in that misconduct. To be liable under RICO, each defendant has to participate in at least 2 predicate acts of racketeering, such as mail fraud or money laundering, within a 10-year period. 18 U.S.C. § 1961. Predicate acts involving mail fraud must be stated with particularity under Rule 9(b). However, predicate acts involving money laundering are not subject to Rule 9(b)'s particularity requirements. *See Geykhman*, 2025 U.S. Dist. LEXIS 173936, at *30, n.14. Allstate has provided specific allegations of mail fraud, which the Moving Defendants have not addressed. Allstate has also established numerous instances of money laundering by showing that the transactions involved the proceeds of fraudulent claims. Allstate has also plausibly alleged that these transactions were intended to promote and further the scheme. Accordingly, Allstate has sufficiently alleged the racketeering activities needed to support the RICO claims against the Moving Defendants.

## III. CONCLUSION

For all the reasons stated above, the Moving Defendants' anticipated Rule 12(b)(6) motion to dismiss would be futile, and their request for leave to file should be denied.

Respectfully submitted,

*/s/ Michael W. Whitcher*

Michael W. Whitcher (MW7455)

cc: Counsel of record (via ECF only)